# Gazzam, Appellant, *v.* Reading.

| 202 | 231 |
| 204 | 4 89 |

| 202 | 231 |
| 37SC | 160 *l* |

| 202 | 231 |
| f40SC³407 | |

*Practice, C. P.—New trial—Fraud—After-discovered evidence.*

An order discharging a rule to vacate a judgment entered on a verdict and for a new trial on the ground of fraud, and after-discovered evidence, is a matter within the sound discretion of the court below sitting in chancery, and while such an order is not conclusive upon the appellate court, it has great persuasiveness.

In an action by one woman against another to recover damages for the alienation of the affections of plaintiff's husband, a judgment on a verdict for the plaintiff will not be vacated on an allegation that the plaintiff was not a good, true, faithful and honest woman, and that her husband had separated from her because of her misconduct, where the record of the whole case shows that the defendant had a whole year before the trial to ascertain plaintiff's character, and that it could have been known to the defendant as well at the trial as subsequently.

*New trial—Judgment—Equity.*

Equity will rarely open or set aside a judgment at law; it will never do so where the party could have availed himself of the objection at the trial, or was not prevented from doing so by the fraud of his antagonist. A court of equity will never move merely to save a party from the consequences of his own laches and negligence. The equity of the complainant must be free from doubt. The result, a judgment reached by litigation, should, unless clearly unjust, be an end of strife. Every suitor in a dispute involving life, liberty, property or reputation, is entitled by right to one trial, but not to two; if he gets more than one, it is of grace, not because of a fundamental right.

The bill or petition for relief from a judgment at law, must be specific in its statement of facts that constitute a fraud. A charge in general terms that a transaction was fraudulent is not sufficiently definite; the particulars must be set forth in detail. Fraud is a conclusion of law; the things done or omitted, constituting the fraud, must be so stated upon the face of the bill, that the court may see that they are fraudulent if proved or admitted.

An application to vacate a judgment entered on a verdict in an action by one woman against another for the alienations of the affections of plaintiff's husband, on the ground of after-discovered evidence of collusion between the plaintiff and her husband, is properly denied, where it appears that defendant had ample opportunity to ascertain the truth before the trial, and the application was in substance that said suit was, by collusion of the plaintiff and her husband, with the intent to procure money from defendant by an unjust verdict; and to that end, at the trial fraudulent representations were made, and that there was a collusive suppression and concealment of material facts from the court and the jury, which was a fraud and imposition on the court; and further, that the petitioner did

not know and had no opportunity of knowing the facts before the trial was ended in the court below.

Argued Feb. 19, 1902. Reargued March 25, 1902. Appeal, No. 382, Jan. T., 1901, by plaintiff, from order of C. P. No. 3, Phila. Co., March T., 1898, No. 1456, discharging rule to vacate judgment and for a new trial in case of Anna Reading Gazzam v. Elizabeth G. Reading. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. On reargument. Affirmed.

Rule to vacate judgment and for a new trial.
The opinion of the Supreme Court states the case.

*Error assigned* was order discharging rule.

*James Gay Gordon*, for appellant.—Fraud vitiates whatever it touches. Upon this ground the intervention of the court can be invoked at any stage of a proceeding : King v. Brooks, 72 Pa. 363; Cochran v. Eldridge, 49 Pa. 365 ; Fisher v. Hestonville, etc., Pass. Railway Co., 185 Pa. 604; Emery v. Patton, 9 Phila. 125; Fisher v. King, 153 Pa. 3; Hambleton v. Yocum, 108 Pa. 305; Dean v. Munhall, 11 Pa. Superior Ct. 73; Ex parte Russell, 13 Wallace, 644.

*Ellis Ames Ballard*, with him *Seth T. McCormick* and *Henry C. McCormick*, for appellee.—It will be seen that the petition in the present case raises no question of a fraudulent trial or of a collusive case ; it goes merely upon the ground of after-discovered evidence and a charge that the husband, who had deserted his wife at the instance of the defendant, afterwards assisted her, either actively or passively, in conducting her case. But there is no averment in the petition as to after-discovered evidence which under the decided cases would justify a new trial ; and there is no averment of a single fact upon the subject of fraud and collusion. Fraud is never presumed ; it is a conclusion of law from facts stated ; and in this respect the petition utterly fails : Kelber v. Pittsburg Nat. Plow Co., 146 Pa. 485 ; Marine Ins. Co. v. Hodgons, 7 Cranch, 332 ; Duncan v. Lyon, 3 Johnson's Chancery, 356 ; Creath v. Sims, 5 Howard, 204 ; Hendrickson v. Hinckley, 17 Howard, 443 ; Walker v.

Robbins, 14 Howard, 586; Barker v. Elkins, 1 Johnson's C. H. 465; Cheyney v. Wright, 7 Phila. 431; Wistar v. McManes, 54 Pa. 318; Sanford Fork & Tool Co., 160 U. S. 247; 16 Sup. Ct. Repr. 291; Fuller v. United States, 182 U. S. 568; Wistar v. McManes, 54 Pa. 326.

Upon the question of fraud and collusion the following cases are cited to show that there is no such averment of fraud and collusion in the petition of the appellant as would have justified the court below in granting the rule : Horsford v. Gudger, 35 Fed. Repr. 388; Van Weel v. Winston, 115 U. S. 228; 6 Sup. Ct. Repr. 22; Nichols v. Rogers, 139 Mass. 146; 29 N. E. Repr. 377; Bergen v. Porpoise Fishing Co., 42 N. J. Eq. 402; 3 Atl. Repr. 404; Union Trust Co. v. Souther, 107 U. S. 591; 2 Sup. Ct. Repr. 295; St. Louis, etc., Railway Co. v. Johnson, 133 U. S. 577; Carr v. Fife, 44 Fed. Repr. 713; Stover v. Reading, 29 N. J. Eq. 154; Daniell's Chancery Pleading, 324; Story's Equity Pleading, sec. 251; Fisher v. Hestonville, etc., Pass. Railway Co., 185 Pa. 602; Smith v. Wood, 42 N. J. Eq. 563; 7 Atl. Repr. 881; Jones v. Lewis, 148 Pa. 234; Graeff v. Felix, 200 Pa. 139.

After-discovered evidence which is merely cumulative is not ground for a new trial: Commonwealth v. Moss, 6 Kulp, 31; Ruddy v. Ruddy, 6 Kulp, 297; Kambeitz v. Harrisburg Traction Company, 9 Pa. Rep. Dist. 750; Hicks v. Lime, 2 Pears. 156; Commonwealth v. Flanagan, 7 W. & S. 415; Commonwealth v. Murray, 2 Ash. 41; Commonwealth v. Thompson, 4 Phila. 215; Potts v. Feeder Dam Coal Co., 6 Phila. 249.

After-discovered evidence to be ground for a new trial must go to the merits of the case and not merely affect the credibility of one of the witnesses : Commonwealth v. Bellis, 1 Northam, 46; Ream v. Oldweiler, 17 Pitts. L. J. 157.

A new trial will not be granted, for after-discovered evidence unless such evidence could not have been produced at the trial by the exercise of reasonable diligence and it is not merely cumulative but goes to the merits of the case and would probably produce a different result in another trial: Com. v. Miller, 5 York, 171; Machell v. Anderson, 5 Kulp, 433; Com. v. Byerts, 5 York, 13; Marsh v. Moser, 1 Woodward, 218; Com. v. Haines, 38 Legal Int. 94; Moore v. Phila. Bank, 5 S. & R. 41; Com. v. Murray, 2 Ash. 41; Com. v. Williams, 2 Ash. 69;

Kenderdine v. Phelin, 1 Phila. 343; Ream v. Oldweiler, 17 Pitts. L. J. 157; Com. v. Winnemore, 1 Brew. 356; Com. v. Schoeppe, 1 Leg. Gaz. 450; Taylor v. Lyon Lumber Co., 13 Pa. C. C. Rep. 235 ; Replogle v. Carey, 6 Lack. L. News, 56.

It must be shown that the after-discovered evidence could not have been discovered by the exercise of reasonable diligence before the trial, otherwise a new trial will be denied : Stanton v. Kemmerer, 5 Kulp, 114.

A new trial will not be granted on the discovery of evidence which it was the party's fault that he did not produce on the trial : Turnbull v. O'Hara, 4 Yates, 446 ; Waln v. Wilkins, 4 Yeates, 461; Knox v. Work, 2 Binn. 582 ; Fey v. Ryan, 3 Phila. 406 ; Dodson v. Branson, 7 Phila. 193.

After-discovered evidence known to the plaintiff at the time of the trial, is not sufficient ground for new trial, although he alleges surprise as to the testimony of the defendant's witnesses : Withers v. Ralston, 3 Phila. 412.

A motion for a new trial on the ground of after-discovered evidence must be based on affidavit and must contain the names of the witnesses and what they are expected to prove: Knorr v. Beck, 1 Phila. 145; Greenwood v. Iddings, 1 Phila. 28; Benedict v. Penna. Coal Co., 6 Kulp, 221.

A new trial will not be granted on the ground of after-discovered evidence where the party has been guilty of laches : Com. v. Luphold, 2 Pears. 124.

OPINION BY MR. JUSTICE DEAN, April 21, 1902:

On May 10, 1898, at suggestion of plaintiff a summons in trespass was issued and served immediately on defendant. On May 5, 1899, her statement, disclosing fully her cause of action, was filed ; three days later defendant filed the general plea of not guilty and the cause was at issue. It remained thus at issue for more than one year, when on May 12, 1900, it was called for trial and jury sworn. The trial judge submitted the evidence bearing on the issue to the jury who found a verdict for the plaintiff for $25,000 damages. This was followed by a motion for a new trial, which after argument was overruled and judgment entered on verdict. Then June 19, 1900, an appeal was taken to the Supreme Court. After full argument, January 15, 1901, a reargument was ordered, which was had before

a full bench May 8, 1901. On July 23, following the judgment was affirmed, and remittitur certified to the court below. See full report of the case and opinion by Justice BROWN in 200 Pa. 70. Then followed the proceedings resulting in the present appeal. On July 25, 1901, the defendant presented her petition in the court below for a rule to open the judgment, averring:

1. That plaintiff's suit was founded wholly upon fraud and perjury, designing to deceive and impose on the court, in that, she had in her statement in the said suit averred, that she was a "good, true, faithful and honest woman of good name and fame," when in fact, for many years prior to the action she had been a woman of impure and unchaste life, and for that, her husband's affections had been alienated, and not by reason of the enticements of the defendant.

2. That before the commencement of said action plaintiff's husband had separated from her because of her misconduct.

3. That said suit was, by collusion of the plaintiff and her husband, with the intent to procure money from defendant by an unjust verdict; and to that end, at the trial fraudulent representations were made, and that there was a collusive suppression and concealment of material facts from the court and jury, which was a fraud and imposition on the court; and further, that the petitioner did not know and had no opportunity of knowing the facts before the trial was ended in the court below.

On this petition the trial judge granted a rule on plaintiff to show cause why the judgment should not be vacated, the verdict set aside, and a new trial granted. Before the return day of the rule, the plaintiff made full answer to the petition denying every material averment, and alleging, the statements therein to be impertinent and scandalous, intending thereby to besmirch plaintiff's reputation, of record; and further averring, that the petition wholly failed to state such facts as in law or equity would warrant the court in opening the judgment or in restraining execution thereon; she, therefore, prayed the court to discharge the rule.

At the suggestion of the court and by agreement of counsel, the legal questions raised were disposed of first, it being understood, that testimony in support of and in denial of the peti-

tion, might, if necessary, be taken subsequently. After argument the court discharged the rule without filing an opinion and we have this appeal by the defendant.

The appellant argues, that a case was made out on the face of the petition, sufficient to warrant a decree "absolute" on the rule and the granting of a new trial, and that, therefore, the court erred in discharging the rule.

Although, the questions to be determined were legal ones, it still must be borne in mind, that they called into exercise the discretion of the court. And while we may, by merely reading the petition and answer, determine the law, nevertheless, we will not refrain, in such a case as this, from that deference to the opinion of the trial judge which his situation with reference to the circumstances demands. Here, the judge who heard and discharged the rule, had heard every witness including the petitioner herself in the case at a prolonged and careful trial; had heard the examination and cross-examination, the arguments of counsel and then, in an elaborate charge had presented every feature of the evidence to the jury; what fullness of statement, or specification of facts in her petition might fairly be exacted from her, was better known to him than it can be to us. We, therefore, start with the assumption, that the trial judge who heard fully the whole case, as well as the motion for a new trial, sitting, as appellant argues, as a chancellor, in equity, in the exercise of a discretion, considered the petition insufficient to warrant him in setting aside, not only his own judgment entered on the verdict of a jury, but a judgment of this court. While his decree is not conclusive upon us, yet it certainly has persuasiveness.

Petitioner complained first, that plaintiff averred in her statement, that she was a chaste woman of good name and fame when in truth and in fact she was not so; and second, because she was not so, her husband had deserted her and his family, and not because of the enticements of defendant. Surely, if plaintiff one year before the trial, in her declaration of record, claimed to be a woman of unblemished character, the defendant had ample time to inquire and know if this were a fact; but there was no intimation at the trial that her statement was false; in fact she proved by evidence undisputed, that what she said in her statement was true; that she was a

"good, true and honest woman of good fame and credit."
Her statement was susceptible of such contradiction by her
neighbors and acquaintances, her "public," for it is her char-
acter among them that is now called in question; it could
have been known to the petitioner as well at the trial as now.
The court below was therefore bound to assume, that an es-
sential fact averred in the petition, was not a fact, because
petitioner with a year's time for inquiry, with every oppor-
tunity to produce witnesses, had offered no evidence tending
to establish its truth at the trial.   If the fact had no existence,
it could not have been the cause of the husband's desertion,
as set out in the second averment.

As to the third averment, that plaintiff in collusion with her
husband fraudulently brought about the verdict, the averment
is so general, that the court below was not bound to notice it.
Neither plaintiff nor her husband testified at the trial; it could
not, therefore, have been a collusion to obtain a verdict by false
swearing.   The plaintiff produced at the trial and read a num-
ber of letters written by defendant to her husband, found in a
desk theretofore used by him; but this fact was not specified
in the petition as warranting an inference of collusion; even if
specified, it would not of itself, have been any evidence of
fraudulent collusion.   Besides, it was a fact as well known at
the trial as now.   Her counsel then commented on it as a cir-
cumstance, raising a suspicion of a revengeful feeling on the
part of the husband towards defendant, who just before that
time had discharged him from her service.   While the peti-
tioner was not bound to set forth the evidence of collusion,
she was bound to set forth, at least, facts which would warrant
a reasonable inference of fraudulent collusion.   Even, if after
the suit was brought, the husband out of resentment towards
defendant, had furnished his wife with evidence, incriminating
defendant and sustaining his wife's complaint and she had ac-
cepted and used it to gain a verdict, this would not have
tainted the judgment with collusive fraud,-would have been
no fraud on defendant, court or jury.   We may despise the
husband's shamelessness, but it does not touch the wife's right
to compensation for defendant's wrongful act.   Treating this, as
in substance, an equitable proceeding to restrain execution of
a judgment at law, counsel on both sides concede, that there

are certain general principles, that we should keep in view, and which were doubtless in the mind of the judge, recognized by nearly all courts, but especially by those of our own state. Equity will rarely open or set aside a judgment at law. It will never do so, where the party could have availed himself of the objection at the trial, or was not prevented from doing so by the fraud of his antagonist. A court of equity will never move, to merely save a party from the consequences of his own laches or negligence. The equity of the complainant must be free from doubt. The result, a judgment reached by litigation, should, unless clearly unjust be an end of strife. Every suitor in a dispute involving life, liberty, property or reputation is entitled by right to one trial, but not to two; if he gets more than one, it is of grace, not because of a fundamental right.

We have thus far discussed the case as it must have presented itself to the learned judge of the court below. With the record of the trial before him, with a full knowledge of all that took place at that trial, he could come to no other conclusion, than that petitioner, in the first and second averments of her petition, either stated what was not true, or if true, that she had been guilty of gross laches in not discovering its truth during the year the issue was pending and presenting her evidence at the trial. And as to the third averment, he would have had, prima facie, to conclude, that there had been fraudulent collusion, in the absence of an averment of a single fact, on which to base the conclusion. If there is one point upon which all the authorities agree, and they could be cited without number, it is, that the bill or petition for relief from a judgment at law, " must be specific in its statement of the facts that constitute the fraud. A charge in general terms that a transaction was fraudulent is not sufficiently definite; the particulars must be set forth in detail. Fraud is a conclusion of law; the things done or omitted, constituting the fraud, must be so stated upon the face of the bill, that the court may see that they are fraudulent if proved or admitted:" Daniell's Chancery Pleading, 324; Story's Equity Pleading, sec. 251.

We concede, that where by fraud of the plaintiff the defendant in a judgment has never had his day in court, or where by his fraud the court has been imposed upon, equity will relieve,

either on application to open the judgment, or by bill to restrain execution thereon. And on this point all the authorities cited, in the able argument of appellant's counsel, sustain him. But not one goes so far, as to sustain this petition; they are misapplied when cited for that purpose. The leading case relied on and largely quoted from by him, is Cochran v. Eldridge, 49 Pa. 365. Much that is said by Chief Justice WOODWARD in that case is pure dictum and has been so treated in many subsequent cases. It is settled authority for the point decided, but not for the adoption of many English decisions in equity, where executions on judgments at law and in the ecclesiastical courts were set aside in chancery; nor for those decisions in courts of our sister states, where there are maintained separate and distinct systems of law and equity. In that case, the facts were these : Eldridge, as principal, had employed Townsend as agent to sell certain notes for him. Townsend did not sell and falsely told Eldridge that he had destroyed the paper; he afterwards transferred it to Cochran for a debt of his own; Cochran brought suit on it against Eldridge; Townsend then represented to Eldridge that he would attend to the suit and that the latter need not trouble himself further, but nevertheless, without the knowledge of Eldridge, Cochran obtained judgment against him. Eldridge owed nothing to Townsend; on the contrary Townsend was largely indebted to him. The judgment became absolute on an award of arbitrators. Townsend pretended to represent Eldridge at the arbitration, but Eldridge was ignorant of this. On a rule, at instance of Eldridge, the judgment was opened, an issue framed to determine whether the judgment was obtained by fraud and collusion between Cochran and Townsend and the jury found that it was. It will be noticed, that Eldridge never had his day in court; was never heard to show, that he owed Townsend nothing and therefore could owe the plaintiff Cochran his transferee nothing; and the verdict settled the fact, that these two were in collusion to obtain the judgment against Eldridge. The fraud perpetrated was not only upon the defendant, Eldridge, but upon the court, for when judgment was entered upon the award, the implied representation to the court, from its own records, was, that Eldridge was represented in the proceedings resulting in the award, whereas, as the court demonstrated, this was false. The report

of the case shows, that the judgment was opened on affidavit, presented by Eldridge; the contents of the affidavits are not set out, but the form of the issue framed shows they must have averred the facts of Townsend's fraud, and his collusion with Cochran. This court held, that the opening of the judgment nearly two years after the expiration of the term was a proper exercise of the discretion of the court, on the facts of the case. And it is a precedent in every case, where the defendant not having had a hearing, by the fraud of his own agent in collusion with the plaintiff, has had rendered against him, an unjust judgment; but it is wholly outside the point raised here, that a solemn judgment, obtained in adverse proceedings with full notice to defendant, and afterwards affirmed by this court, will be opened on a general averment of fraud, with not a single fact set out to justify such conclusion.

In Hambleton v. Yocum, 108 Pa. 305, a verdict was taken by collusion among attorneys, who did not represent the complaining parties. This was a fraud upon the court as well as upon the parties who had not been heard. The petition fully sets out the facts upon which the rule was founded. Most of the other cases cited by appellant are those of judgment entered by confession on warrant of attorney. Of course the defendant in this class of cases never had his day in court, but in nearly all of them the court takes occasion to declare, that the judgment, even by confession on warrant of attorney, should not be opened, without specific averments of fraud or injustice, in the application to open. Fisher v. Hestonville etc., Pass. Ry. Co., 185 Pa. 602, was an application to open a judgment obtained adversely, after the expiration of the term, presumably on the ground that the interpreter, in the court below, had wilfully and fraudulently, misinterpreted the evidence of witnesses, but no such reason was filed of record; it seems to have rested solely in the bosom of the court and in the minds of counsel. The decree of the court below opening the judgment was reversed, because of this irregularity. Our Brother MITCHELL who delivered the opinion, saying, while fully conceding the power of the court in equity to open on such a fact, " There should have been a petition filed setting forth the essential facts of the alleged fraud as ground for the relief prayed for." If the fact were as argued, it was a palpable fraud on the court and on

defendant, committed through the connivance of the court's own officer, the interpreter. But as is said in the opinion, a petition setting forth the essential facts should have been filed. Depositions were taken in which the facts were developed, but these were no part of the record; they should have been grounded upon a petition of record. This case is directly against appellant in this petition.

Authorities to the effect, that the court will not interfere to disturb a judgment on such a meager petition as the one before us might be cited by the hundred. Most of them will be found in reports of the courts of common pleas, because there the application must be first made, and only by legislation of late years, have they reached this court on appeal.

The latest case reviewed in this court is that of Lebanon Insurance Co. v. Erb, 1 Cent. Repr. 645. Erb had recovered a verdict on a policy of insurance against fire; the company appealed to the Supreme Court where the writ was non prossed ; application was then made in the court below to restrain execution on the judgment, on the ground, that Erb, the plaintiff, had set fire to his own building with intent to defraud the company, and, that at the trial the company had no knowledge of this fact. The court refused to open the judgment, saying:

" Where a defendant in an execution has had a trial and has failed to make a defense which he might have made under the pleadings in the cause, he cannot after judgment duly entered, seek relief by an injunction staying the collection thereof, unless it clearly appears that he was prevented by the action of the plaintiff in the judgment from making the defense which would have produced a different result if made at the trial, or at least ought to have produced a different result. The ignorance of the defendant will afford no relief if that ignorance resulted from neglect in not taking proper steps to obtain information. The true rule, we believe, is that a judgment will not be restrained by injunction where steps have been omitted which ought to have been taken, where ignorance is mixed with negligence. . . . A judgment will not be enjoined, however plainly it may appear that the complainant had a good legal defense, which was not presented or considered through the oversight of counsel or the error of the judge, or from failure on the part of the defendant to collect the evidence in due

season and present it in a way to be available. . . . Tried by these well established rules, how does the complainant's application stand? The separate answers filed by the defendants, flatly contradict all the material averments of the complainant's bill, and the evidence by the ex parte affidavits offered in support of the complainant's bill, can at most raise a suspicion that the plaintiff in the judgment set fire to the building to defraud the complainant company. And if it were to establish a precedent by interfering with and enjoining the collection of this judgment, upon the grounds of suspicion only, we would open the very flood gates of perjury."

This was on appeal affirmed by this court in a per curiam as follows: "We see nothing in this record to convict the court of error in dissolving the preliminary injunction nor in refusing to open the judgment." The language of the court below, just quoted, is a correct summary of the law announced in a multitude of cases. As is said in Syracuse Pit Hole Oil Co. v. Carothers, 63 Pa. 380, "If such a proceeding could be tolerated, litigation would but begin where it ought to end— with the judgment." And as said in Moore v. Phila. Bank, 5 S. & R. 42: "Motions for a new trial on the ground of after-discovered evidence ought to be received with great caution, because there are few cases tried in which something new may not be hunted up, and because it tends very much to the introduction of perjury to admit new evidence after the party who has lost the verdict has had an opportunity of discovering, the points both of his adversary's strength and his own weakness."

If this judgment were to be opened on this insufficient petition, with no statement of facts justifying an inference of its sweeping general conclusion of fraud and collusion, we can conceive of no judgment rendered by any court which might not be opened again and again; litigation would really, only begin with the first judgment. We will not stimulate strife by holding out a hope of victory in another struggle, nor tempt to perjury, after one trial has pointed out wherein it may be successful.

The decree of the court below is affirmed.