## Spring Brook Water Company *v*. Pittston, Appellant.

*Water companies—Municipalities—Revocation of offer to furnish gratuitous.*

Where a water company in an agreement with a municipality reserves a right to revoke an offer to furnish water gratuitously to the city, and subsequently exercises such right, and the city thereafter continues to use water with notice that it will be expected to pay rental therefor, the city will be liable for the water which it has used.

Argued April 17, 1902. Appeal, No. 102, Jan. T., 1902, by defendant, from order of C. P. Luzerne Co., Jan. T., 1899,

No. 248, dismissing exceptions to referee's report in case of
Spring Brook Water Company, now amended to Peoples'
Water Company, v. Pittston. Before McCollum, C. J., Mitch-
ell, Dean, Brown and Mestrezat, JJ. Affirmed.

Exceptions to referee's report.

The referee, Hon. Stanley Woodward, found the facts to be
as follows :

The People's Water Company is a corporation which was or-
ganized July 15, 1889, and began to supply water to the city
of Pittston on May 5, 1890, for the use of the fire plugs, and
so continued to do from that date until April 1, 1896, upon
which latter date, it was leased to the Spring Brook Water
Supply Company. This latter company then began to furnish
water to the city, and have continued to supply thirty-eight
hydrants or fire plugs to the present time.

Prior to May 5, 1890, the borough, now the city of Pittston,
had been supplied with water for hydrants by a company known
as the Pittston Water Company, the water being pumped from
the Susquehanna river. In April, 1890, the stockholders of
the Pittston Water Company sold and transferred all its capital
stock, estate and property to the People's Water Company,
and its organization was abandoned. After this purchase the
water was supplied from the Spring Brook, and the pumping
from the river was discontinued. The two inch main pipes
were removed in some cases, and larger pipes of the dimen-
sions of four inch and six inch were substituted, with the view
to furnish a reliable supply of water for fire purposes.

The only rights acquired by either of the new companies, in
addition to those possessed by the Pittston Water Company,
was a privilege granted to the Spring Brook Water Company
of going through Pittston, coupled with the condition that two
fire hydrants were to be furnished by the company free of
charge. The People's Water Company recognized and ratified
this arrangement, and the new hydrants were furnished by the
company, and the other thirty-eight in number remained as
before. There was no contract between either of the com-
panies plaintiff and the borough of Pittston in reference to the
supply of water to the fire hydrants, but frequent demands for

payment have been made by the companies, and quarterly statements of account have been regularly sent to the borough authorities, but without compliance by the borough with the demands made.

These demands began in 1892, and bills were made out for water furnished from April 1, 1890, to April 1, 1896. Meanwhile the borough, now the city of Pittston has continued to use the fire plugs or hydrants from time to time as fires have occurred. Committees of the city council and of the fire department appointed for the purpose, have, on several occasions, met the representatives of the water companies with a view of coming to a definite adjustment as to the price to be paid for the supply of water to the hydrants, etc., but no agreement has ever been reached.

It was shown that the current revenues of the city of Pittston are sufficient to pay a fair price for water in case the city is legally liable to so pay.

It was shown that the price demanded in the present case of $20.00 per annum for each hydrant was the usual one in this vicinity, and that the average price for the towns and cities of the state at large is greater than $20.00.

It was shown that on May 18, 1888, the secretary of the Pittston Water Company notified the borough council that the company had decided at its last meeting to give the borough water for the fire plugs free of charge. For several years the water rental had been charged to and paid by the borough, but for two years before the sale of the water company the payment had ceased. Several of the stockholders of the Pittston Water Company were sworn as witnesses, and by them it was shown that the reason for the offer of free water was the apprehension that a rival water company might enter the town and compete with the Pittston Water Company for the business of furnishing water.

It was also shown that the company reserved the right to revoke the offer of free water when they should see proper so to do.

The referee reported in favor of the plaintiff.

Exceptions to the report were dismissed by the court.

*Errors assigned* were in dismissing exceptions to the report of the referee.

*Cormac Francis Bohan*, with him *George F. O'Brien*, city solicitor, for appellant.

*Henry W. Palmer*, for appellee.

PER CURIAM, June 4, 1902:

There is no merit in this appeal, and none of the assignments can be sustained. The city of Pittston continued to use the water of the water company after notice to it by appellee, through bills repeatedly rendered, that the same would no longer be gratuitously furnished. The company had reserved the right to revoke its offer of free water whenever it should see proper to do so, and, having exercised that right, the city was thereafter bound to pay for whatever water was so used: U. S. Water Works Co. v. DuBois Boro., 176 Pa. 439; Borough of Carlisle v. Carlisle Gas & Water Co., 3 Cent. Repr. 584. The learned referee has found what the water so used was worth, and what the city should pay for it. The exceptions to his report were all properly dismissed, and the judgment is affirmed.