# People's Water Company *v.* Pittston, Appellant.

*Judgment—Res adjudicata—Former judgment—Facts necessar-
ily involved.*

1. The conclusiveness of a former judgment does not depend
upon whether there is the same demand in both cases, but exists,
even although there be different demands, when the question upon
which the recovery of the second demand depends has under iden-
tical circumstances and conditions been previously concluded by a
judgment between the parties or their privies.

2. A judgment concludes not only the technical fact in issue, but
also every component fact necessarily involved in its determina-
tion.  There may be one or many issues in a case, and so far as
they are directly passed upon, whether principal or subordinate,
they will be regarded as adjudicated.  Any conclusions which a

court or jury must evidently have arrived at in order to have reached the judgment or verdict rendered will be fully concluded.

*Assumpsit—Water rents—Implied contracts—Municipalities—Defects—Agreement—Res adjudicata.*

3. In an action against a city upon an implied contract to pay for water furnished by the plaintiff water company for fire protection, the defendant is precluded from setting up a written contract by which the use plaintiff agreed to furnish such water free, where it appears that the validity of the agreement in question has been adjudicated against the defendant in another action between the same parties in all respects similar to the case at bar.

Argued April 15, 1913. Appeal, No. 64, Jan. T., 1913, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1910, No. 1654, on verdict for plaintiff by direction in case of The People's Water Company, to the use of The Spring Brook Water Supply Co., v. The City of Pittston. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit on implied contract. Before STRAUSS, J.
The opinion of the Supreme Court states the case.
The jury was directed to find a verdict in favor of the plaintiff, which they did in the sum of $9,639.09, and judgment was entered thereon. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*M. J. Mulhall,* with him *M. N. Donnelly,* City Solicitor, for appellant.

*Laurence H. Watres,* with him *George S. Ferris,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, May 22, 1913:
The numerous assignments of error and the elaborate printed argument of the appellant's counsel have not convinced us that the learned court below committed re-

versible error in disposing of the case, nor that any extended discussion of the questions involved is necessary here. This is an action of assumpsit brought on an implied contract to recover for water furnished the defendant city for fire protection from the first of October, 1904, to the first of October, 1910, and for labor and material in changing, setting and repairing certain fire hydrants, etc. The only defense set up to the merits of the plaintiff's claim is that by a written agreement dated March 25, 1885, the Spring Brook Water Supply Company, the use plaintiff, agreed to furnish water free to the Borough of Pittston, now the City of Pittston, for ninety years from the date of the agreement. The plaintiff replies to this defense that the validity of that agreement as a defense to this action has already been adjudicated by this court against the defendant, and hence it cannot be interposed here to defeat the plaintiff's claim. From the evidence in this case, it appears that in 1899 the People's Water Company brought a suit against the City of Pittston for water furnished the defendant from April, 1890, to April, 1896, and also for changing and taking out certain fire hydrants in the city. At the same time another action was brought by the Spring Brook Water Supply Company against the city to recover for water furnished the city from April, 1896 to 1899, and for taking up certain fire hydrants and putting in new valves. The cases were put at issue and referred to Judge WOODWARD as a referee. On the trial before the referee, the defendant denied its liability on the ground that the Spring Brook Water Supply Company had, by the contract of March 25, 1885, agreed to furnish water free to the Borough of Pittston, now the City of Pittston, for ninety years from the date of the contract, and that, therefore, there was no implied contract or liability to pay for the water furnished to and received by the borough and the city which would entitle the plaintiff to recover. The defense was not sustained; on the contrary, the learned referee found in favor of the plain-

tiff and directed a judgment to be entered against the
defendant for the full amount of the claim in the re-
spective actions.  The defendant filed exceptions to the
report of the referee one of which alleged that the plain-
tiffs were bound by the agreement of 1885 granting to
the defendant water free of charge.  The exceptions
were overruled and the report of the referee confirmed.
The cases were brought to this court on an appeal by the
defendant, and the judgment in each case was affirmed:
203 Pa. 223 and 226.  The appellant assigned as error,
inter alia, the overruling of its third exception to the
report of the referee which reads as follows:  "Third.
That the only rights and franchises (exclusive of those
formerly of the Pittston Water Company) which plain-
tiffs possess from the borough, or City of Pittston, are
those acquired by the Spring Brook Water Company,
and that the plaintiffs are operating partly, at least
under said rights and franchises, and hence plaintiffs
are bound by the agreement in writing and in evidence
between the Spring Brook Water Company and the Bor-
ough of Pittston granting to the defendant water for fire
hydrants free of charge."

In 1905 the People's Water Company for use of
Spring Brook Water Supply Company brought a similar
action against the City of Pittston to recover for water
furnished from April, 1901, to October, 1904.  Again,
the defendant set up the agreement of March, 1885, as a
defense to the action, but the trial court held that the
validity of that agreement as a defense had been adjudi-
cated against the defendant, and hence did not prevent
a recovery in the action.  So far as the record discloses,
no appeal was taken in that case.

In their printed brief, the learned counsel for the ap-
pellant say:  "The present suit, except as to the amount
claimed, and the period of time involved, is practically
the same as three others already tried.  In each of them,
the right of recovery was resisted on the ground that the
appellant was entitled to water free for fire purposes."

In this action the learned court below held that the validity of the agreement of 1885 had been adjudicated against the defendant and that, therefore, it was not a defense to the plaintiff's action. The evidence in the case showed that it was in all respects similar to the other cases which had been tried and adjudicated between the same parties. The parties were the same, the character of the claims was the same, to wit: for water furnished the city for fire protection, and the defense was the same. It is clear, therefore, that the learned court was right in holding that the agreement of 1885 could not be successfully interposed as a defense to the action. That question was res adjudicata. The validity of the agreement as a defense to a claim of the same character between the same parties was directly in issue and hence the judgments of this court in the other two cases is conclusive in the present action: 23 Cyc. 1215; Bolton v. Hey, 168 Pa. 418; Pulaski Ave., 220 Pa. 276; New Orleans v. Citizens' Bank, 167 U. S. 371. In the case last cited the Supreme Court of the United States says that the conclusiveness of the former judgment "does not depend upon whether there is the same demand in both cases, but exists, even although there be different demands, when the question upon which the recovery of the second demand depends has under identical circumstances and conditions been previously concluded by a judgment between the parties or their privies." In Rauwolf v. Glass, 184 Pa. 237, 240, we said: "A judgment concludes, not only the technical fact in issue, but also every component fact necessarily involved in its determination......There may be one or many issues in a case, and so far as they are directly passed upon, whether principal or subordinate, they will be regarded as adjudicated......Any conclusions which a court or jury must evidently have arrived at in order to have reached the judgment or verdict rendered will be fully concluded." The contract of 1885 having been set up as a defense in the former case, and its validity as a de-

fense having been adjudicated against the defendant, it is clear that it cannot avail the defendant as a defense in the present action. The question is res adjudicata and the learned court below was correct in so holding.

Ordinarily in an action on an implied assumpsit the plaintiff would be put to proof of the amount and reasonableness of his claim. In this action, however, the necessity for such proof was waived by defendant's counsel who stated to the court that "we agree as to the figures, but we do not agree to the right of recovery at all." This admission was properly made by the learned counsel because the price for the water claimed in the present action was the same as that claimed and recovered in the former actions and there was no substantial dispute as to the fact. We see no force in the contention that the proper parties were not plaintiffs. It is sufficient to say that a recovery in this action as the record stands will prevent either the legal or equitable plaintiff from recovering in any subsequent action on the same claim.

The several questions raised on this record were properly disposed of by the learned court below and the judgment is affirmed.