## Greiner v. Brubaker, Appellant.

Argued November 13, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

540

Adda Lutz Ferguson, with her Harry A. Honker and William S. Rial, for appellant.

John L. Hamaker, with him C. Vincent Henry, Jr., for appellee.

OPINION BY KELLER, P. J., December 11, 1940:

Appeal by defendant, Lydia Brubaker, from an order refusing to open a confessed judgment and let her into a defense.

The proceedings relate back to a prior judgment, entered in the same county (Lebanon) to No. 190 September Term 1939, against Jacob Z. Brubaker, son of this appellant, for $1400, in favor of the appellee, Jerome Greiner. A writ of fieri facias was issued on this judgment and levy was made on the interest of Jacob Z. Brubaker in certain real estate in the City of Lebanon, the record title to which stood in the name of his mother, who was a widow, and the property was advertised for sale on February 16, 1940. The sale was postponed at the request of Jacob Z. Brubaker until the following Monday, February 19, 1940, on his promise to pay $1200 in settlement of the judgment; and at his request his mother drew her check, payable to the plaintiff, for $1200.25 and gave a judgment note for that amount as collateral security for the payment of the check, it being her purpose to borrow the money needed to pay the check from the Farmers Trust Company of Lebanon. Judgment was entered on the note on February 19, 1940

to No. 491 March Term 1940. The trust company thereafter refused to lend her the money, and on April 5, 1940 the plaintiff issued execution on the judgment and levied on the said real estate, title to which stood in her name, and this proceeding followed.

(1) The petition to open the judgment sets forth that Lydia Brubaker was not indebted to the plaintiff, but it admits that she signed the check and the collateral judgment note securing it, at the request of her son, for the purpose of staying the execution against him and to raise the money necessary for the settlement of the judgment against him; and while it states her advanced age, it does not aver that she did not know or understand what she was signing, and there is no averment of her incompetence to manage her affairs. That she was unable to borrow the money from the trust company, as she had expected to do, did not affect the validity of the transaction.

(2) Nor was the settlement rendered inoperative because of the letter from plaintiff's counsel to Jacob Z. Brubaker, dated February 23, 1940—following information received that the trust company would not lend the money—insisting on payment of the check by February 28, and stating that unless paid he would take whatever action he deemed necessary, and "there will be no question of compromise, as I shall then insist upon the full debt, interest and all costs"; but he did not carry out his threatened intention for he issued execution on the judgment for $1200.25 and interest and costs. He evidently thought better of the matter and proceeded on the judgment given to secure the carrying out of the settlement. The petition does not aver that plaintiff's counsel rescinded the agreed settlement—even if he had authority to do so—, but only that he expected to do so. Followed by an execution on the judgment given to carry out the settlement, it did not amount to a rescission or even an attempted rescission of the settlement.

(3) Nor was the validity of the judgment for $1200.25 affected by the fact that the original judgment for $1400 has not yet been satisfied. The agreement for settlement provided that plaintiff should be *paid* $1200, not that he would accept a check secured by judgment note for that amount in settlement. When the terms of settlement have been carried out, the judgment against Jacob Z. Brubaker for $1400 will have to be satisfied. Appellee's counsel recognized this at the argument and, in reply to a question of the court, stated that no effort would be made to collect more than the $1200.25, represented by this judgment. The methods by which the plaintiff has been delayed in the collection of his debt would suggest a reasonable caution on his part with respect to satisfying any judgment which he holds until he has been paid the amount agreed upon in settlement.

(4) Levying upon real estate as the property of Jacob Z. Brubaker did not estop plaintiff from later levying upon it, under another judgment, as the property of his mother. The authorities relied upon by appellant are not even remotely applicable to the present facts.

We find no abuse of discretion by the court below in refusing to open the judgment.

Appeal dismissed.