## Greiner *v.* Brubaker, Admrx., Appellant.

516

Argued October 30, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

W. *Richardson Blair* and *Homer Hummel Strickler*, with them *Ballard, Spahr, Andrews & Ingersoll* and *Adda Lutz Ferguson*, for appellant.

*John L. Hamaker*, with him *C. Vincent Henry, Jr.*, for appellee.

OPINION BY KELLER, P. J., February 26, 1943:

This is an appeal from a *second* refusal to open a judgment entered by confession. The first petition was refused by the court below on May 8, 1940, and on appeal to this court the order of the lower court was sus-

tained and the appeal was dismissed. *Greiner v. Brubaker*, 142 Pa. Superior Ct. 538, 16 A. 2d 689.

All of the matters raised in the present petition—which was filed the same day that the remittitur from this court was received in the court below—have been considered and adjudicated, either by this court on the former appeal, or by the court below on a prior petition to open a judgment against defendant's son Jacob Z. Brubaker—to which the present judgment is related—which after a full hearing was refused and from which no appeal was taken.

We might rest there. *Hempstead v. Meadville Theo. School*, 346 Pa. 276, 29 A. 2d 509. But the earnestness of new counsel who entered this case since the filing of our opinion leads us to some discussion of it.

A judgment by confession was entered in Lebanon County in favor of Jerome K. Greiner against Jacob Z. Brubaker in the amount of $1,400, to No. 190 September Term, 1939. A writ of fieri facias was issued on that judgment and levy was made on certain real estate in the City of Lebanon, No. 401 South 12th St., the record title to which stood in the name of the defendant's mother, Lydia Brubaker, a widow, (the defendant in the present judgment), but a deed for which —Greiner's attorneys had been informed—had been executed and delivered to her son, Jacob Z. Brubaker, which deed, however, had not been recorded. Thereupon the defendant (Jacob Z. Brubaker) filed a petition to open the judgment and let him into a defense, alleging in substance that although the judgment note had been signed by him, it was really Greiner's debt; that Greiner was the *accommodated* party in the transaction and that Brubaker owed him nothing; and he obtained a rule to show cause. An answer was filed denying the allegations of the petition. A full hearing was had before Judge HENRY, an able and experienced judge, whose integrity is beyond question, at

which Jacob Z. Brubaker testified at length and the plaintiff Greiner also gave evidence. Judge HENRY refused to open the judgment and discharged the rule. See *St. Clair S. & T. Co. v. Hahne,* 345 Pa. 420, 422, 423, 29 A. 2d 21. Brubaker did not appeal. We do not have the record of the testimony in that proceeding before us, but the order of the court, unappealed from, was a final adjudication of all matters of defense to that judgment that were raised or could have been raised in that proceeding.

Following that adjudication, Greiner proceeded with his execution and the property was advertised for sale on Friday, February 16, 1940. Of course, if the property was not Jacob Z. Brubaker's, the sale would pass no title. If it was, title would pass. On Thursday, February 15, 1940, Brubaker called Greiner's counsel by phone and the latter agreed that he would postpone the sale until Monday, February 19, 1940, on Brubaker's promise to pay $1,200 in settlement of the judgment by that time. Brubaker induced his mother, Lydia Brubaker, to draw her check dated February 17, 1940 for $1,200.25, payable to the order of Greiner, and as collateral security for its payment—for she did not then have the money in bank to pay the check and intended to borrow it from the bank—she signed and gave to her son, for delivery to Greiner, the judgment note in suit, dated February 17, 1940, for $1,200.25, payable one day after date.

The testimony in the case shows that Mrs. Brubaker, while an old woman, was intelligent and knew what she was doing and executed the check and judgment note to help her son.

The testimony also shows that Greiner did not see Mrs. Brubaker and had nothing to do with procuring her signature to the check or judgment note. Her son, Jacob Z. Brubaker, on whose testimony the present proceeding is chiefly based, was the person who se-

cured her signature. If he mis-stated the facts to her, the credibility of his testimony would be materially shaken. In any event, Greiner had nothing to do with her signing the papers.

The money was not in the bank to pay the check on February 19 and the plaintiff entered judgment on Mrs. Brubaker's note that day to March Term 1940, No. 491. The bank refused to lend Mrs. Brubaker the money to pay the check, and on April 5, 1940, after various fruitless demands, Greiner's attorneys issued a writ of fieri facias on the judgment and levied on the said real estate, title to which stood in her name.

On May 8, 1940, her attorneys filed a petition to open the judgment and let her into a defense, which was refused and an appeal was taken the same day to this court, with the result above stated. See 142 Pa. Superior Ct. 538.

It is not necessary to repeat what we said in our opinion in that case. The grounds then relied on to open the judgment were entirely without merit—in fact, almost frivolous. Allegations about snowstorms prior to the day fixed for the sheriff's sale of Jacob Z. Brubaker's real estate, and inability to give notice of Lydia Brubaker's ownership of the property were wholly irrelevant. If Lydia Brubaker had not conveyed away her property to her son, no notice of her record ownership was necessary. If she had, notice would not help her. Everything averred in the present petition— if truly averred—occurred prior to the filing of her first petition and was available to her attorneys at that time.

But we will restate our position in so far as it is applicable to the present proceeding.

1. The judgment note signed by Lydia Brubaker was under seal. But, in addition, there was unquestionably a valuable consideration given for it. By it, Jacob Z. Brubaker secured a postponement and eventual dis-

continuance of the sale of his interest in property No. 401 South 12th St., Lebanon, and the plaintiff suffered a corresponding detriment in forbearing to proceed with his execution: *Pittsburgh Stove Co. v. Penna. Stove Co.*, 208 Pa. 37, 41, 57 A. 77; *Hind v. Holdship*, 2 W. 104; *Harlan v. Harlan*, 20 Pa. 303; Restatement, Contracts, §75 (1) (b) and (2), Comment *d*, and §§76 and 81.

2. The check and judgment note of Lydia Brubaker were not received by Greiner in *satisfaction and payment* of his judgment against Jacob Z. Brubaker. They were received by way of conditional payment and collateral security, until Greiner was paid the agreed settlement of $1200: *McCartney v. Kipp*, 171 Pa. 644, 33 A. 233; *McIntyre v. Kennedy, Childs & Co.*, 29 Pa. 448; Note to *Cumber v. Wane*, 1 Smith's L. C. 565 [\*452], 6th Amer. Ed. It is absurd to think that counsel for a creditor would receive a check, which he knew would not be good until a loan had been granted by a bank, in absolute payment and satisfaction of a judgment which had been adjudicated to be valid, and on which execution had been issued. There is no credible evidence in the case to support such a finding.

3. Neither the letter of Mr. Hamaker—see 142 Pa. Superior Ct. p. 541—nor his conversation with Mrs. Ferguson, appellant's counsel, relative to his purpose to revoke the settlement unless Mrs. Brubaker promptly paid $1200, were of any binding effect to invalidate Greiner's judgment against her. A client is not concluded by the casual letters and conversations of his attorney, or by his alleged statements of that nature made out of court.

4. Lydia Brubaker could not, in a *second* attempt to open the judgment against her, *collaterally* attack the judgment against her son, to secure which her judgment note had been given, after its validity had been adjudicated without appeal. Nor can she in this pro-

ceeding, collaterally reopen that adjudication either on the ground of fraud in the procurement of the judgment or of perjury at the hearing at which its validity was adjudicated. Greiner, very properly, refused to re-try the issue which had been adjudicated by Judge HENRY, without appeal. The situation is analogous to an attempt by a defendant or terre-tenant to defend against a scire facias to revive a judgment by an attack on the original judgment. That cannot be done: *Miller Bros. v. Keenan,* 90 Pa. Superior Ct. 470; *O'Connor v. Flick,* 274 Pa. 521, 118 A. 431; *Lauer v. Ketner,* 162 Pa. 265, 29 A. 908; *Taylor v. Tudor,* 83 Pa. Superior Ct. 459.

5. The effect of reversing the lower court and opening the judgment against Lydia Brubaker, on the ground of the alleged fraud of Greiner in the procurement of the judgment against Jacob Z. Brubaker and his perjury on the hearing to open that judgment, would not be to inquire into the facts attending the giving of the Lydia Brubaker judgment note—for there is no defense available on that score—but to re-try the validity of Greiner's judgment against Jacob Z. Brubaker—an attempt to do collaterally what could not be done directly. Lydia Brubaker became, in effect, a surety for Jacob Z. Brubaker on a judgment that had been adjudicated to be valid when she became bound as a surety, and the adjudication bound her as well as her principal: *Com. v. Gracey,* 96 Pa. 70; *Com. for use of Bentzel v. Julius,* 173 Pa. 322, 34 A. 21. See also, *Naffah v. City Deposit Bank,* 343 Pa. 348, 352-3, 23 A. 2d 340; *U. S. Natl. Bank of Portland v. Union Natl. Bank,* 268 Pa. 147, 156-7, 110 A. 792; *Maguire v. Wheeler,* 317 Pa. 193, 195-6, 176 A. 441; *Bower's Est.,* 240 Pa. 388, 87 A. 711; *Peoples Water Co. v. Pittston,* 241 Pa. 208, 88 A. 503.

6. The rule that judgments and decrees that have been adjudicated after a full hearing in court, without appeal, will not be opened for *intrinsic* fraud—as dis-

tinguished from extrinsic fraud—is in force in Pennsylvania; and perjury on such trial or hearing is *intrinsic* fraud: *McEvoy v. Quaker City Cab Co.*, 267 Pa. 527, 531, 110 A. 366; *Sallada v. Mock,* 277 Pa. 285, 121 A. 54; *Powell v. Doyle,* 77 Pa. Superior Ct. 520, 528; *Lebanon Ins. Co. v. Erb,* 1 Sadler, 181, 183; *Gazzam v. Reading,* 202 Pa. 231, 241-2, 51 A. 1000; *Kountz's App.,* 2 Walker 458, 464. See also, *United States v. Throckmorton,* 98 U. S. 61, 65; Restatement-Judgments, Sec. 126 (b)—Comment *c*, p. 613.

In the case of *Crouse v. Volas,* 117 Pa. Superior Ct. 532, 178 A. 414, relied on by counsel for appellant, the petition to vacate the judgment because of perjury by plaintiff's witness on the vital point at issue was filed promptly and *within the term of court* that the judgment was entered, and the witness admitted his perjury by affidavit filed.

The opinion of the court below, with its findings of fact, discussion, and conclusions of law sustains the order refusing to open the judgment.[1] The credibility of the witnesses, in so far as their testimony was relevant and material, was for the court. We find no abuse of discretion in its action.

Order affirmed.

---

[1] Lydia Brubaker died after appealing from the order of the court below. The administratrix of her estate has been substituted as defendant.