property is seized on an execution, or in cases of insolvency or bankruptcy, but not to a case like the present.

It only remains to consider the first exception. The sale to Stork was a cash sale, and if the assignees chose to deliver the goods without exacting payment, it was on their own responsibility. When the debtor fails to pay, the assignees are *prima facie* chargeable with the debt, and can only discharge themselves from liability, by showing that the loss arose from circumstances over which they had no control; or by proof that the purchaser was of such undoubted credit, that no prudent person would have hesitated in trusting him with the possession without requiring payment previous to the delivery of the goods. Here the whole matter seems to have been referred to the discretion of the clerk, and no extenuating facts are proved which can exempt them from responsibility. Stork was in such doubtful credit, that Davis & Desauque refused to trust him before the assignment.

The decree of the Court, so far as it allows the assignees two hundred and ninety-two dollars and fifty cents, the value of the goods delivered to Stork, is reversed, and confirmed as to the residue.

Decree accordingly.

[ PHILADELPHIA, MAY 2D, 1840. ]

## MORRIS *against* BRADY.

### IN ERROR.

The defendant gave his bond to the plaintiff, for the payment of a certain sum of money in two years with interest, and on the same day executed to the plaintiff a mortgage of certain real estate, as security for the payment of the bond. The mortgage was duly recorded. Judgment was entered up on the bond. Afterwards the defendant sold the mortgaged premises to A., who stipulated to pay the money secured by the mortgage as part of the consideration. The defendant being desirous to sell other real estate, which was bound by the judgment entered on the bond, the plaintiff agreed to enter satisfaction on the judgment, on receiving A.'s bond for the same amount. A. gave his bond accordingly, and satisfaction was entered on the judgment. Afterwards A. made a general assignment for the benefit of creditors: *Held*, that the mortgage was not invalidated by the entry of satisfaction on the bond, under these circumstances.

ERROR to the District Court for the City and County of Philadel-

(Morris v. Brady.)

phia, to remove the record of an action of *scire facias* on a mortgage, brought by Anna Maria Brady agaihst Anthony P. Morris.

The action was defended by the terre-tenants, Jacob Kirk and Slater Brown, the assignees of Timothy Kirk.

On the trial in the Court below, the jury found a special verdict, setting forth, " That one Anthony P. Morris executed a bond and mortgage to the plaintiff, dated October 1st, 1833, for three thousand dollars, payable in two years, with interest half yearly, which mortgage was recorded October 11th, 1833, in the city of Philadelphia, in mortgage book A. M., No. 17, page 140.   That the plaintiff on the 21st day of August, 1834, entered satisfaction on the judgment entered on the bond and warrant which accompanied said mortgage, and delivered up the bond to Anthony P. Morris, and received from a certain Timothy Kirk (to whom Anthony P. Morris had sold the premises, subject to said mortgage,) his own bond and warrant of attorney, dated August 21st, 1834, for six thousand dollars, conditioned for the payment of three thousand dollars, on which warrant judgment was entered on December 15th, 1836 ; but that the said Timothy Kirk had in the meantime by deed dated May 12th, 1836, and duly recorded in Philadelphia in the month of May, 1836, assigned all his estate to the present terre-tenants, in trust for the benefit of his creditors.

That after the entry of the judgment on said bond of October 1st, 1833, viz. on the 13th day of January, 1834, Anthony P. Morris sold and conveyed the mortgaged premises to Timothy Kirk, subject to the said mortgage.   That in consideration that the plaintiff, at the request and for the accommodation of said Morris and Kirk, would mark the judgment on the last mentioned bond satisfied, so as to enable Morris to sell his other real estate, and would accept in lieu of said bond, a bond from the said *Timothy Kirk, they* agreed that such entry of satisfaction should in nowise invalidate said mortgage ; and that the plaintiff, in consequence of said request and engagement, entered satisfaction of said judgment, and accepted said Kirk's bond.

That the bond of said Kirk bears date the 21st day of August, 1834, conditioned for the payment of three thousand dollars, payable on the 1st day of October, a. d. 1835, with interest, payable half yearly, from the 1st of April, 1835, and contains this memorandum at foot.

" The above bond is given as additional security for the payment of a certain mortgage, executed by Anthony P. Morris to the said Anna Maria Brady, dated October 1st, 1833, recorded in Philadelphia, in mortgage book A. M., No. 17, page 140."

That the deed from Morris to Kirk of the mortgaged premises and others, (dated 13th January, 1834, recorded January 16th, 1834,) recites, that Morris, by mortgage dated October 1st, 1833,

granted the premises to the plaintiff to secure the payment of three thousand dollars with interest, and conveys to Kirk subject to the said mortgage.

That the receipt for the purchase-money on said deed, is as follows : " Received of Timothy Kirk five thousand five hundred dollars in cash, which with the further sum of six thousand dollars, mortgage-moneys, which T. Kirk has assumed and taken on himself to pay, with interest, as above mentioned, are in full for both the above premises."

That the said mortgage of three thousand dollars to the plaintiff, forms part of the mortgage-moneys mentioned in the said receipt.

That T. Kirk continued to pay the interest on the said mortgage up to April 1st, 1836.

That on the 12th of May, 1836, Timothy Kirk executed a general assignment to Jacob Kirk and Slater Brown, in trust for the benefit of creditors.

That after that date, the assignees offered to pay the plaintiff the arrears of interest on the said mortgage ; and by letter to her attorney of 28th December, 1836, repeated the offer.

That no part of the principal debt in said bond and mortgage mentioned, has ever been paid to the plaintiff by the defendants or any other person.

The jury also find the facts as stated and set forth in the bill of discovery, and the answer thereto by the defendant, A. P. Morris.

The jury also find that a writ of *fieri facias* was issued by the plaintiff on Kirk's bond, to December Term, 1836, No. 226, on the 16th of December, 1836, upon which the sheriff was directed by the plaintiff to levy on said mortgaged premises, being the same which the said A. P. Morris by deed dated the 13th of January, A. D. 1834, conveyed to the said T. Kirk in fee, subject to the said mortgage debt of three thousand dollars to Anna Maria Brady : upon which writ the said premises were condemned ; but all proceedings thereon were subsequently abandoned, and this suit was instituted on the said mortgage."

The defendant in his answer to the bill of discovery, referred to in the special verdict, admitted that the bond upon which the judgment was entered, was accompanied by a mortgage of the same date upon the real estate mentioned in the bill. He also admitted, that he applied to the complainant as stated in the bill, to release his other property from the lien of the judgment, and to receive the bond of Timothy Kirk, who had purchased the mortgaged premises subject to the mortgage. That the complainant agreed to do so, for the relief and accommodation of the respondent ; and that Timothy Kirk assented thereto. That the arrangement was accordingly made. That Kirk executed his bond and warrant of attorney to the complainant, and the complainant acknowledged satisfaction

(Morris *v.* Brady.)

of the judgment against the respondent. The respondent further said, that the complainant, the said Timothy Kirk, and the respondent, all well understood that the estate and premises mentioned in the mortgage which had been purchased by Kirk, were to remain subject thereto for the payment of the mortgage debt, and that Kirk was by his bond to become responsible for the payment of the debt. He also admitted that the mortgage debt, the payment of which was so to be assumed by Kirk as a part of the consideration of his purchase, had never been paid by the respondent to the complainant, nor had that part of the consideration of the purchase by Kirk of the mortgaged premises ever been paid by Kirk or any one else to the respondent.

The answer set forth a copy of the agreement between the respondent and Kirk for the sale and purchase of the premises subject to the mortgage.

The District Court ordered judgment to be entered upon this case for the plaintiff.

The defendant then took a writ of error and assigned the following errors.

"1st. That the Court erred in deciding that the plaintiff below was entitled, on the facts found by the jury, to judgment.

2d. That the Court below erred in not giving judgment in favour of the defendants below."

Mr. *Fallon,* for the plaintiff in error, contended that the mortgage was extinguished in law by the acknowledgment of satisfaction of the judgment on the bond. He cited *Bowers* v. *Oyster,* (3 *Penn. Rep.* 239.) *Roberts* v. *Williams,* (*ante* 170.)

Mr. *Haly,* contra, was stopped by the Court; who affirmed the judgment.

Judgment affirmed.