## Peter's Appeal.

The entry of satisfaction of a mortgage, if the bond secured by it is unpaid and retained by the mortgagee and the interests of third persons are not involved, does not discharge the bond.

The bequest of a legacy by a creditor to his debtor without noticing the debt is not in itself prima facie evidence of a release or extinguishment of the debt.

(Decided March 1, 1886.)

Appeal from a decree of the Orphans' Court of Lehigh County. Affirmed.

Andrew Peter died some time in the year 1883, leaving to

NOTE.—The satisfaction or release of a mortgage does not release the bond which is retained by the mortgagee. The question of extinguishment depends on the intention of the parties, which is a question for the jury. Fleming v. Parry, 24 Pa. 47. The burden of showing that the intention was not to extinguish liability on the bond rests on the creditor. Meigs v. Bunting, 141 Pa. 233, 23 Am. St. Rep. 273, 21 Atl. 588; Seiple v. Seiple, 133 Pa. 460, 19 Atl. 406; Safe Deposit & T. Co. v. Kelly, 159 Pa. 82, 28 Atl. 221.

When a distributee is indebted to the estate in a sum less than the amount due him, the amount due may be deducted, and the administrator need not sue. Palmer's Estate, 1 Lanc. L. Rev. 338, 2 Del. Co. Rep. 180.

survive him a widow and six children, having first made his last will, dated September 7, 1883. In said will the testator directs, among other things, that "the net two-thirds of the said real and net two-thirds of the personal estate shall then be divided in equal shares, share and share alike, to and among all my children or their heirs, as follows, to wit: One full and equal share to my son Nathan Peter, etc."

During the lifetime of the testator, to wit, on February 19, 1877, Nathan Peter executed a bond and mortgage to Andrew Peter to secure the sum of $2,712. On March 2, 1877, Nathan Peter made an assignment for the benefit of creditors. The real estate bound by said mortgage was sold at judicial sale by the assignee, and, there being liens of record anterior in date to said mortgage, the lien of the mortgage was devested by operation of law. From the report of the auditor on the account of the assignee it appears that out of the proceeds of the sale of the mortgaged premises there was realized on said mortgage the sum of $313.72, and out of other moneys in the hands of the assignee realized out of assignor's property there was distributed on the accompanying bond the sum of $368.24. The total realized on said obligations out of the assigned estate of Nathan Peter was $681.96. On March 11, 1882, the testator released the lien of said mortgage, the owner of the premises being desirous to have the lien of the mortgage released formally, for the purpose of making a loan on the same. No satisfaction has since been entered on the margin of the record of the mortgage. The testator held in his possession the bond and mortgage against Nathan Peter during his lifetime, up to the time of his death. After his demise his executor found them among the other assets of his estate, and they were inventoried. At no time were they offered to be returned or canceled.

Upon this state of facts the questions raised were: Did the testator impliedly intend to extinguish the indebtedness of Nathan Peter to him on said bond, by executing a release, releasing the lien and operation of the mortgage upon the land described therein and executing a will thereafter, in which it is directed that "the estate shall be divided in equal shares, share and share alike, to and among all my children or their heirs, according to law, as follows, to wit, one full and equal share to my son Nathan Peter?" Did the testator intend that Nathan Peter should not pay his indebtedness to him, and that the debt be ex-

tinguished ? Or was it intended that each of his children should inherit equally and pay their debts to the estate ?

The court decided that the debt was not released by the satisfaction of the mortgage; and the wife of Nathan Peter, to whom the claim had been assigned, appealed.

*Levi Smoyer* and *Edward Harvey*, for appellant.—Courts of equity do not consider legacies given by creditors to their debtors as necessarily, or even prima facie, a release or extinguishment of the debt. Evidence expressive of the intent to release the debt must be adduced. It may be found clearly expressed or implied on the face of the will, or may be shown by parol evidence *dehors* the will. 2 Roper, Legacies, 1062.

It is not essential that the intended satisfaction or extinguishment of the debt should be expressed; if the language used in the will, or the acts and declarations of the testator, proved *aliunde,* clearly imply such an intent, it is enough. 2 Story, Eq. Jur. 321, § 1099.

It is an elementary rule of construction that the intention of the testator, when ascertained, is to prevail. Sheetz's Appeal, 82 Pa. 213; Schott's Estate, 78 Pa. 40.

It is clear, therefore, that, unless there are some special grounds for presuming that the testator intended this legacy to the debtor legatee as a release of the debt, the legacy must be regarded as a gratuity. Redf. Wills, pt. 2, 521.

What, then, was the general intent of the testator ? It must be gathered from the words taken altogether. Butz v. Butz, 2 Pennyp. 270.

Without mentioning what he might have advanced to his children, without referring to the bond of Nathan, without directing the collection of debts due him, he directs his real and personal property to be sold and the net two-thirds to be given, share and share alike, to his children; and emphasizes it by the particular bequest of "one full and equal share" to Nathan. What stronger language could the testator use to show that he intended the legacy beneficially ? Reading the will in the light of all the facts known to the testator at the time of its execution, it is clear that he intended Nathan to stand equally with his brothers and sisters, and that the legacy was to operate as an equitable extinguishment or release of the debt. Otherwise the word "net" would not have been used to designate what is distribu-

table among the legatees. That word means a fund clear of all charges and deductions. Webster, Dict. title, *Net.* That which remains after the deduction of all charges or outlay. Worcester, Dict. title, *Net.*

In commercial usage the words "net balance" mean proceeds after deducting expenses of sale. Evans v. Waln, 71 Pa. 69; Fuller v. Miller, 105 Mass. 103; Wallace v. Beebe, 12 Allen, 354.

We are told that the popular meaning of words is the best criterion of the intent of a testator. Hunter's Estate, 6 Pa. 97. See Eden v. Smyth, 5 Ves. Jr. 341; Aston v. Pye, cited in 5 Ves. Jr. 350; Roper, Legacies, § 1067; Zeigler v. Eckert, 6 Pa. 13, 47 Am. Dec. 428; Mull v. Mull, 81 Pa. 393.

The testator knew, too, that the share of each child would be considerably less than the debt of Nathan, and, therefore, knew that Nathan could not get a full and equal share without regarding the debt as extinguished. The value of the bequest may be considered in deciding upon the intention of the testator. Marshall's Appeal, 2 Pa. St. 388; *Re* Barr, 2 Pa. St. 428, 45 Am. Dec. 608; Postlethwaite's Appeal, 68 Pa. 477.

*Marcus C. L. Kline,* for appellees.—The mere execution of a release by the testator releasing the lien of a mortgage on the land described therein does not discharge the bond secured by it, nor extinguish the debt, without any other evidence. Even the entry of a satisfaction on the margin of the record of a mortgage, which is much more expressive in favor of a mortgagor than a release of a lien of a mortgage, does not in conclusion of law discharge the debt or bond secured by it, the bond being unpaid and retained by the mortgagee. Fleming v. Parry, 24 Pa. 47.

The words of the will do not clearly evidence an intention to release the debt, and we can invoke the law as decided in a large number of adjudicated cases and as laid down by the text writers on the subject, that the giving of a legacy to a debtor is not an extinguishment of the debt, and the latter may be set off by the executor or representative against the legacy. Strong v. Bass, 35 Pa. 333; Clarke v. Bogardus, 12 Wend. 67; Zeigler v. Eckert, 6 Pa. 13, 47 Am. Dec. 428.

Where a testator bequeaths a legacy to his debtor without noticing the debt, and, after the testator's death, the securities for

the debt are found uncanceled among his papers, the legacy is not considered even prima facie a release or extinguishment of the debt. Sorrelle v. Sorrelle, 5 Ala. 245; 2 Story, Eq. Jur. § 1123.

There being no evidence in this case *aliunde,* the intention to release the debt of Nathan Peter to his testator must appear and be clearly expressed or implied on the face of the will. 2 Roper, Legacies, 1063, 1064, chap. 17, § 4; 2 Story, Eq. Jur. 1123.

Where there is an ambiguity of the expression in the will, or an insufficiency of evidence as to the intention to release a debt of a legatee, the gift of the legacy will not release the debt. 2 Roper, Legacies, 1066, chap. 17, § 4; Wilmot v. Woodhouse, 4 Bro. Ch. 227.

The will expressly directs that the estate be divided equally among testator's children or their heirs, according to law. Distribution of the estate according to law, as if there were no will, would have permitted the set-off of the debt, by the executor, against the distributive share of Nathan Peter. Strong v. Bass, 35 Pa. 333.

OPINION BY MR. JUSTICE TRUNKEY:

A release of land from the lien of a mortgage is no evidence that the debt is paid. Even the entry of satisfaction of a mortgage, the bond secured by it being unpaid and retained by the mortgagee and the interests of third persons not involved, does not discharge the bond. Fleming v. Parry, 24 Pa. 47.

Where a creditor bequeaths a legacy to his debtor, and does not notice the debt, and, after his death, the bond is found uncanceled among the testator's property, the legacy is not prima facie evidence of a release or extinguishment of the debt. Wms. Exrs. 1303.

If the intention to release or extinguish the debt is not clearly expressed or implied in the will, evidence from other sources will be admitted. Zeigler v. Eckert, 6 Pa. 13, 47 Am. Dec. 428.

Nothing within the will, nor any testimony without, evidence that the testator intended to release Nathan Peters from payment of the debt.

Appeal dismissed, and decree affirmed, at the cost of appellant.