# Jones's Estate.

*Decedents' estates—Sale of real estate—Payment of debts—Divesting lien of mortgage—Orphans' court sale—Mortgage—Personal property—Acts of May 19, 1893, P. L. 110, and June 7, 1917, P. L. 447.*

1. The personal estate is the primary fund for payment of the debts of a decedent, and of those secured by bond and mortgage as well as others.

2. The fact that a debt secured by a bond and mortgage is not due, does not preclude it from sharing either in the distribution of the personal estate or of the proceeds of the real estate, when so sold as to divest the mortgage lien.

3. The fact that a mortgage lien will be discharged by a sale, necessarily implies the right to include the debt secured thereby as one for the payment of which the sale is ordered.

4. Where the personal property of a decedent is insufficient to pay debts, including a mortgage debt, and the mortgagee, under the Acts of May 19, 1893, P. L. 110, and June 7, 1917, P. L. 447, files a stipulation that the sale shall be made divested of the lien of the mortgage, the orphans' court will direct a sale of the decedent's real estate for payment of debts.

Argued May 25, 1922. Appeal, No. 19, May T., 1922, by William D. Jones et al., from decree of O. C. Dauphin Co., File No. 241, directing sale of real estate, in estate of Robert Ross Jones, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for sale of real estate for payment of debts. Before FOX, J.

The opinion of the Supreme Court states the facts.

Decree of sale awarded. Wm. D. Jones and John Paul Jones, heirs-at-law, appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Scott S. Leiby,* for appellants, cited: Com. v. Wilson, 34 Pa. 63; Crosson's App., 125 Pa. 380; Tubb's Est., 161 Pa. 252; Kreamer v. Fleming, 191 Pa. 534.

*Metzger & Wickersham* and *Beidleman & Hull,* for appellee, were not heard.

OPINION BY MR. JUSTICE WALLING, June 24, 1922:

This appeal is from an order of the orphans' court, directing an administratrix to make private sale of real estate for payment of debts. Robert Ross Jones, late of Dauphin County, died intestate, March 19, 1921, leaving a widow, Effie E. Jones, also two brothers and a nephew, all sui juris, as his heirs. He left personal estate to the value of approximately $32,000, and his debts and liabilities, including a bond and mortgage for $19,000, amount to $48,000. The bond and mortgage debt is not due, as the time for payment was extended to 1924. His widow qualified as administratrix and in due time petitioned the orphans' court for leave to make a private sale of decedent's real estate, consisting of a piece of improved property at Harrisburg, to one W. Grant Rauch for $52,000. The deceased's brothers, objecting to the proposed sale, filed an answer averring inadequacy of price, lack of necessity for the sale and denial of the court's jurisdiction to order it. Testimony was taken from which the court found the price adequate, the sale necessary and for the best interests of the estate and decreed it accordingly; from which the objectors brought this appeal.

The mortgage creditor has stipulated that the sale shall be made divested of the lien of the mortgage, and the controlling question is the right to include that debt among those for which the sale can be ordered. Excluding it, there is no necessity for the sale; including it, there is. It is well settled that the personal estate is the primary fund for payment of debts, and of those secured by bond and mortgage as well as others: Mer-

kel's Est., 131 Pa. 584; Foster's App., 74 Pa. 391; Mason's App., 89 Pa. 402; Mason's Estate, 1 Parson's Select Equity Cases 129; Hawkins's Orphans' Court Practice, section 242. Should distribution be now made of the personal estate, the mortgagee would undoubtedly be entitled to share therein with the unsecured creditors; this would at once disclose a deficiency of personal assets and a necessity for sale of the real estate, as debts amounting to $48,000 cannot be paid with $32,000. The fact that a debt secured by bond and mortgage is not due, precludes it from sharing neither in the distribution of the personal estate nor of the proceeds of a sale of the real estate, when so sold as to divest the mortgage lien: see 24 Corpus Juris, p. 551.

True, under the Act of March 22, 1887, P. L. 7, and prior statutes, the lien of a first mortgage could not be divested by an orphans' court sale and for that reason a sale could not be ordered for payment of the debt secured thereby, and we so held. That was changed, however, by section 2 of the Act of May 19, 1893, P. L. 110, which authorized the orphans' court to decree the sale of real estate, freed and discharged from the lien of a mortgage or mortgages, if the holder or holders thereof should, by writing filed in said court, consent to the sale being so made. A further provision to like effect is found in section 16(o) of the Fiduciaries Act of June 7, 1917, P. L. 447, 485, as follows: "All public or private sales of real estate under the provisions of this section shall have the effect of judicial sales as to the discharge of liens upon the real estate so sold: Provided, that the court may decree a sale of the real estate freed and discharged from the lien of any mortgage otherwise preserved from discharge by existing law, if the holder of such mortgage, by writing filed in said court, shall consent to the sale being so made." In the instant case the mortgagee gave, as above stated, such written consent; hence, the proceeds will take the place of the land, as it is not necessary

that the consent be filed before the preliminary order of sale is made. The fact that a mortgage lien will be discharged by a sale, necessarily implies the right to include the debt secured thereby as one for the payment of which the sale is ordered.

The decree of sale was properly made and is affirmed at the costs of appellants.