## Brunner *v.* Brunner, Appellant.

Submitted November 18, 1931.

Before TREXLER, P. J., LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and STADTFELD, JJ.

*John L. DuBois*, for appellant.

*Webster S. Achey*, for appellee.

OPINION BY LINN, J., January 28, 1932:

This appeal is from judgment for want of a sufficient affidavit of defense. The suit was by a wife against her husband for breach of a written contract to contribute to her $20 a week for the maintenance of their two small children. Defendant made the payments from the date of the agreement, January 12, 1929 to October 14, 1929. This suit is to recover for the period ending April 9, 1930. Judgment was properly entered; no defense is averred.

Defendant alleges that he "finally entered into an agreement [on which the suit is brought] because he was threatened with a criminal prosecution if he did not do so." From that averment, he argues that the agreement was signed under duress. When duress is relied on, the facts, from which the conclusion can be

drawn, must be stated: Irwin et al. v. Weikel, 282 Pa. 259; even if he was informed that unless he agreed to support his children, his wife would institute proper proceedings for their support, that conduct, in the circumstances, would not constitute duress: Hamilton v. Lockhart, 158 Pa. 452.

He also contends that by a provision in the agreement, that if his "financial ability and circumstances should be reduced from his present financial condition, the court of quarter sessions of Bucks County shall determine the proper amount to be paid," he was constituted the judge to determine when he could cease paying because of his financial condition; of course there is nothing in that contention. By proceedings instituted April 14, he was taken into the quarter sessions and an order of $12 a week for the support of his children was made, and, the brief states, that he has since complied with the order; that is his duty.

Judgment affirmed.