## Longacre v. Beers, Appellant.

58

Argued March 7, 1932.

Before Trexler,
P. J., Keller, Gawthrop, Cunningham, Baldrige,
Stadtfeld and Parker, JJ.

*E. J. Mullen,* and with him *Harold G. Teel,* for appellant.

*R. S. Hemingway,* and with him *J. Atlee Cryder* and *Ralph R. John,* for appellee.

Opinion by Stadtfeld, J., July 14, 1932:

This case comes before this court on an appeal from the entry of judgment after the trial of a feigned issue to determine the validity of a judgment entered upon a judgment bond executed by Elmer R. Beers, defendant, secured by a mortgage upon a farm situate in Carbon County, each bearing date October 28, 1921, in the penal sum of $7,000, conditioned for the payment to plaintiff of $3,500 one year after date, with interest at the rate of six per cent per annum, payable semi-annually.

The bond was filed, and judgment thereon entered on June 9, 1927 for the amount claimed to be due, $3,328.16, together with interest from said date.

On July 18, 1927, on petition of the defendant, rule was granted to show cause why the judgment should not be opened, and defendant permitted to defend against the payment of the same, claiming that the debt secured by the bond and mortgage had been fully paid and discharged, and the mortgage satisfied of record. The plaintiff, Longacre, in his answer, while admitting that he had satisfied the mortgage of record, claimed that the same was done for the purpose of enabling Beers to make a clear title to the purchasers of the farm, and that Beers, the defendant, agreed that plaintiff should hold the bond also as security for the payment of the balance owing him from defendant on an unsettled account.

On April 1, 1929, after taking of depositions, an order was filed, opening the judgment, and directing that an issue be framed for the purpose of having a jury determine whether there was anything due and owing plaintiff by the defendant on the bond on which the judgment was entered, and that the following questions be submitted to the jury for answer:

1. Was the mortgage debt of $3,500 and interest secured by the bond mortgage in this case fully paid at the time of the entry of satisfaction upon the record of the mortgage?

2. Did the defendant, before the mortgage was satisfied by plaintiff, enter into an agreement with him whereby the plaintiff was to hold the bond accompanying the mortgage as security for any other indebtedness of defendant to him?

3. What amount, if any, was owing plaintiff from defendant on July 29, 1927, the date when judgment was entered, upon a full settlement of all accounts between them?

The jury answered the first question in the negative, the second in the affirmative, and as to the third, found there was due an indebtedness from defendant to plaintiff in the sum of $2,142.33.

Defendant thereupon filed motion for a new trial, which was subsequently overruled and dismissed, and new trial refused. In support of this motion, complaint is made that the court erred in charging the jury as follows:

"The defendant, Beers, however, denies and disputes that there is anything near such an amount due and owing the plaintiff on the mortgage bond."

This statement, if it stood alone, might be objectionable, but when taken in connection with the context, no harm was done the defendant.

The court then made an order, directing judgment to be entered in favor of plaintiff and against defendant in the sum found by the jury to be due on the bond, namely, $2,142.33, with interest from June 9, 1927.

Upon the trial of the feigned issue, it appeared that defendant, Beers, owned a farm in Carbon County which did not prove a profitable investment, and that he desired to sell it. A buyer was found at the price of $4,000. The purchaser wanted a clear title, and this necessitated the satisfaction of the Longacre mortgage. On September 20, 1923, the parties, Longacre, plaintiff mortgagee, Beers, defendant mortgagor, and the purchasers, and the attorneys representing Beers and the purchasers, met in the recorder's office in Carbon County. The purchasers paid for the farm with three checks, aggregating $4,000, which were made payable to the order of Longacre, the mortgagee. The amount, debt and interest owing on the mortgage, was $3,898.14. The three checks given in payment for the farm were immediately, and while all the parties were still in the recorder's office, delivered to Longacre, the mortgagee, and the mortgage satisfied of record. The same day, Longacre surrendered the mortgage, but retained and kept the accompanying bond.

Plaintiff claimed that he did not surrender the bond

at the time the mortgage was satisfied for the reason that the mortgage debt was not paid in full on the day the mortgage was satisfied, and that he satisfied the mortgage of record to enable Beers to make clear title to the purchasers.

Plaintiff further contended that defendant owed him, in addition to the $3,500 debt and interest secured by the bond and mortgage, the sum of $2,736.84 on an open account for taxes paid, interest on a prior mortgage, seed purchased and paid for by plaintiff at defendant's request, wages paid, and other expenses incurred and paid in the management of defendant's farm by plaintiff, and for commissions earned for endorsing defendant's note at the bank where the same was discounted.

Plaintiff contended that, prior to the consummation of the sale of the farm, defendant agreed with him that if he would satisfy the mortgage so that defendant could make clear title, plaintiff should hold and retain the bond as security for the payment of the open account aforesaid, which defendant agreed to pay within a week or ten days. Plaintiff contended that the amount claimed in suit was a balance due on the bond; that part of the proceeds received from the sale of the farm, $2,736.84, was applied by him, plaintiff, to the payment of the open account against defendant under the agreement aforesaid.

The court, in submitting the case to the jury, put upon plaintiff the burden of overcoming the presumption that the satisfaction of the mortgage was payment of the bond, depending on the intention of the parties, and that the burden was upon plaintiff to establish by the weight of the credible testimony that the bond was kept and retained by plaintiff pursuant to an agreement or understanding with defendant prior to the satisfaction of the mortgage, as security for other indebtedness from the defendant to plaintiff.

62

Defendant also claimed an account against plaintiff in the sum of $484.47.

It appeared at the trial that, notwithstanding that only $3,898.14 was owing for debt and interest on the mortgage, that the entire purchase money, to wit, $4,000, was retained by plaintiff without objection by defendant.

The assignments of error raise three principal questions, which may be stated as follows:

1. Did the court err in holding that the payment by defendant of an amount in excess of the debt and interest due upon the bond and mortgage, and the entry of satisfaction on the record of the mortgage did not work an extinguishment of the bond unless it was intended by the parties as a discharge of the debt?

2. In holding that plaintiff could apply a portion of the money received by him to the payment of other indebtedness of defendant to him under a previous parol agreement, that the same was to be so applied, and could retain the bond as security for the balance of the indebtedness?

3. Was the oral agreement set up by the defendant to retain the bond as security for other prior indebtedness of appellant even if made, nudum pactum and void for want of consideration?

The court instructed the jury that if it should answer the first question, namely, that the mortgage debt of $3,500 and interest, secured by the bond and mortgage, were fully paid at the time the entry of satisfaction upon the record was made by plaintiff, and if they should further find that the defendant, before the mortgage was satisfied by plaintiff, did not enter into an agreement with him, whereby the plaintiff was to hold the bond accompanying the mortgage as security for any other indebtedness of the defendant to him, and that these were not the circumstances under which the plaintiff satisfied the mortgage, that

plaintiff would not be entitled to recover, and that the jury should then find there was nothing due or owing to the plaintiff from defendant. The court further instructed the jury that, if the mortgage debt and interest were not fully paid at the time satisfaction upon the mortgage was entered, and if they should further conclude that the defendant, before the mortgage was satisfied by plaintiff, agreed that plaintiff might hold and retain the mortgage bond as security for any other indebtedness which defendant owed him, and that these were the circumstances under which the mortgage was satisfied, that plaintiff would be entitled to recover, and in such case, the jury should find what amount, if any, was due plaintiff from the defendant on June 9, 1927, the date when judgment was entered on the bond.

The question of whether or not the alleged agreement, under which the bond was retained, was nudum pactum, was not raised at the trial of the case in the court below. Furthermore, there is no assignment of error raising this question. This, however, becomes unimportant, in view of the answers of the jury to the questions submitted. It was simply a question of the application by the parties of the money paid, and on this issue, the jury found in favor of plaintiff.

The first three assignments of error relate to the charge of the court, and to the affirmance of plaintiff's points. The charge and the points referred to properly put upon the plaintiff the burden of establishing the existence of the agreement upon which he relied. The instructions and the points referred to were a substantial statement of the law as claimed in defendant's points, which the court also affirmed. The fourth and fifth assignments relate to the overruling and dismissing of defendant's motion for new trial, and to the entry of judgment in favor of plaintiff for the amount found by the jury as owing by the defendant.

64

In Neale et al. v. Dempster, 179 Pa. 569, Mr. Justice GREEN, at pages 576-577, said:

"The principle that the payment of the debt secured by a mortgage is a satisfaction of the mortgage and entitles the debtor to a discharge of record, is so perfectly familiar that no authorities need be cited for it. The principle that the discharge of a mortgage by an entry of satisfaction on the record is a discharge of the debt it was given to secure and hence discharges the bond or other evidence of the debt, is also perfectly familiar doctrine. Of course, if the entry of satisfaction was not intended as a discharge of the debt, the mortgagee upon showing that fact, is entitled to prosecute his bond or other security and collect his money. But if the debt has actually been paid, the bond is discharged as well as the mortgage by an entry of satisfaction. Thus it may easily happen that a mortgage creditor may be willing to relieve his debtor's land from the lien of the mortgage, when the debt is not paid, in order to enable the debtor to sell the land divested of the mortgage, and wherever that is the fact, it may be shown, and the debt remain intact, notwithstanding an entry of satisfaction on the record of the mortgage. But if the debt itself be paid, there is no question at all that the discharge of the mortgage discharges the bond as well as the mortgage. All of this has been repeatedly expressed in our decisions, the rule being thus stated in one of our earlier cases: Fleming v. Parry, 24 Pa. 47. 'A bond and mortgage taken for the same debt, though distinct securities, possessing dissimilar attributes, and subject to remedies which are as unlike as personal actions and proceedings in rem, are, nevertheless, so far one that payment of either discharges both, and a release or extinguishment or either, without actual payment, is a discharge of the other, unless otherwise intended by the parties . . . . . . Had the mortgage been paid, the law would treat the bond as paid.' In this case it

was shown that the debt was not paid, and the release of the mortgage was only intended to relieve the land of its lien so as to enable the debtor to sell it clear of incumbrances, and that question we said should be submitted to the jury.''

The case as presented required its submission to the jury. This was done in a fair and comprehensive charge covering the issues raised.

We see no error in the charge, or in the answers to the points, and the assignments of error must therefore be overruled, and judgment affirmed.