## Lowry's Estate

*Louis Rosenberg*, for Commonwealth.
*Moorhead & Knox*, for accountant.

TRIMBLE, P. J., August 16, 1938.—John A. Lowry, a resident of Pittsburgh, Pa., died on January 31, 1935, seized of personal property approximating in value $269,-000, and real estate located in Portsmouth, Ohio, "subject to unpaid balances of obligations of decedent in the approximate amount of $10,536.29 secured by mortgages on said real estate." Under the will Judith W. Lowry, the widow, is executrix and sole legatee and devisee of all the assets. In her account she took credit for the amount paid to satisfy the mortgages, together with $316 counsel fees "in connection with the payment of said mortgages." The accountant desires a finding that the clear value of the estate is shown by deducting these credits and the State of Pennsylvania insists that they are taxable at the rate of two percent.

Counsel arguing for the exemption claims support from the act of assembly which declares that there shall be deducted "debts of the decedent . . . and the expenses of the administration": Act of May 15, 1925, P. L. 806, 72 PS §2302. Admitting that the obligations were secured by mortgages which were liens on the Ohio real estate, on which no tax was paid because the exemption there allowed exceeded the appraised value of the real estate mortgaged, nevertheless, it is urged that liability

for the mortgage indebtedness falls upon the personal estate of the decedent accounted for at his domicile. Jones' Estate, 275 Pa. 143, and other cases are cited which hold, in other circumstances, that the personal property is answerable for debts secured by a bond and mortgage. A foreclosure on the Ohio mortgages could have freed the personalty from liability on the bonds. But Mrs. Lowry, having accepted the bequests and devises under the will (there was no advantage to her to take against it), used the money of the estate to pay the mortgage indebtedness after she escaped taxation in Ohio, because the mortgages were allowed as credits against the appraised value of the real estate. She paid the mortgage indebtedness with Pennsylvania money and now claims credit here for such payment. Nothing like this was before the court in Jones' Estate, supra, and the facts bring it in conflict with Esman's Estate, 324 Pa. 127, where double credit was denied.

Since the passage of the Wills Act of June 7, 1917, P. L. 403, section 18 thereof being new, a devisee cannot claim that the personal property is the primary fund for the payment of debts. An estoppel intervenes, as a result of which the devisee cannot hold the security and claim the payment of the debt from personalty. Support for this position will be found in the commissioners' note to section 18 of the Wills Act, supra. Further support will be found in Rodeniser's Estate, 86 Pitts. 264, where we said:

"Since the mortgage was paid, it is a fair presumption that the security was sufficient which, unrebutted, precludes any liability by the estate. The satisfaction of the mortgage discharged all liability on the bond given for the same debt: Fleming v. Parry, 24 Pa. 47; Neale v. Dempster, 179 Pa. 569; Seiple v. Seiple, 133 Pa. 460; Safe Deposit & Trust Company v Kelly, 159 Pa. 82; Longacre v Beers, 106 Pa. Superior Ct. 57; Artisti-Kote Co. v Benefactor Building and Loan Association, 64 Fed. (2d) 408 (1933) C. C. A."

It is a truism to say that the payment of taxes today is a great burden. A prolific source of such burden comes from exemptions. When they cannot be claimed by an unquestionable interpretation of the statute, the court must disallow them. It follows that the claim of the State of Pennsylvania for transfer inheritance tax must be allowed.