## Kaylor, Exrx., Appellant, *v.* Central Trust Company of Harrisburg.

634

Argued March 13, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Thomas D. Caldwell,* of *Caldwell, Fox & Stoner,* for appellant.

*F. Brewster Wickersham,* of *Metzger & Wickersham,* for appellee.

Opinion by Baldrige, J., April 13, 1944:

Harry Kaylor brought an action in assumpsit to recover the sum of $1,750 paid to the Central Trust Company of Harrisburg under circumstances appearing in the following narration of pertinent facts. Before statement of claim was filed Kaylor died and his executrix was substituted as plaintiff.

In 1919 Kaylor and his then wife, as owners of the Acri Hotel in Harrisburg, gave a mortgage and accompanying bond to Marino Acri in the sum of $20,000. This mortgage and bond after several assignments eventually came into the hands of the Central Trust Company. In 1927 the Kaylors conveyed the premises described in the mortgage to Constance and Lena Chiara, under and subject to the mortgage. On August 14, 1941, the trust company entered judgment on the bond, and filed a bill in equity to restrain further conveyance of all real estate owned by Kaylor.

On August 29, 1941, Kaylor gave his check to the trust company for $1,750, marked "Settlement in full of all personal liability on bond and mortgage on Chiara Property, Known as Bridge Hotel, 29 S. 4th Hbg., Pa." On the same day Kaylor was given a receipt and release providing that in consideration of the payment of $1,750 the lien of the judgment obtained was "released and discharged from ...... all real estate of Harry Kaylor and Violet Kaylor, his [second] wife, as well as any and all real estate in which they or either of them have an interest, it being expressly hereby agreed that this judgment shall be restricted to the Acri Hotel, now known as the Bridge on South Fourth Street in Harrisburg, Pennsylvania as more fully described in the mortgage securing the bond on which this judgment was entered, the intention being that this judgment may be used for the purpose of selling the aforesaid Acri Hotel, now known as the Bridge, only, Harry Kaylor being relieved of personal liability."

Simultaneously the equity suit against Kaylor was discontinued.

On March 2, 1942, the Chiaras paid the trust company $14,550, the total balance due on the mortgage, so that the bank finally received payment in full of principal and interest and in addition the sum of $1,750 paid by Kaylor. Plaintiff in her statement of claim alleges Kaylor was entitled to recover this sum of $1,750 as this payment was made "under duress" without alleging any accompanying facts upon which she based the charge: *Brunner v. Brunner*, 104 Pa. Superior Ct. 539, 158 A. 615. The defendant in paragraph 22 of its affidavit of defense states that it received the $1,750 "in consideration of the granting of additional time for the payment of said mortgage and at the same time granting to Harry Kaylor a release from all personal liability on the judgment entered on the mortgage bond. The payment of $1,750 was not intended by Harry Kaylor or by the present Defendant to be credited on the mortgage indebtedness." It denied in paragraph 23. that the payment was made under duress, but that to the contrary it was made voluntarily at Kaylor's personal suggestion.

The case was submitted to a jury which returned a verdict of $1,750 with interest and costs namely $1,826.44. It is apparent that the learned court below would have permitted a recovery if consistent with well settled rules of law, but concluded that could not be done and "reluctantly" entered judgment n. o. v. for defendant. While certain equities may exist in plaintiff's favor she has not proven any legal cause of action or equitable ground entitling her to relief. The judgment must, therefore be affirmed.

We are not vitally concerned here with the usual legal relationship arising between mortgagor and mortgagee, and one to whom the mortgaged property has been conveyed under and subject to the mortgage, al-

though that matter was given considerable consideration by both parties to this appeal. We may state in passing that our decisions uniformly *hold* that a bond and mortgage taken for the same debt are distinct securities, possessing dissimilar attributes subject to different remedies, but the "payment of either discharges both and a release or extinguishment of either, without actual payment, is a discharge of the other, unless otherwise intended by the parties." *Fleming v. Parry,* 24 Pa. 47, 50; *Neale et al. v. Dempster,* 179 Pa. 569, 577, 36 A. 338; *Longacre v. Beers,* 106 Pa. Superior Ct. 57, 64, 161 A. 617; in re *Purman's Estate,* 334 Pa. 238, 241, 5 A. 2d 906.

The transaction between the bank and Kaylor is perfectly plain from the writings. There can be no mistake as to intention of the parties. As a dealer in real estate Kaylor wanted to be relieved from the lien of the judgment entered on the mortgage bond which bound all his real estate. The trust company agreed to grant this relief. There was a good and valuable consideration (*Greiner v. Brubaker, Admrx.,* 151 Pa. Superior Ct. 515, 30 A. 2d 621; Restatement, Contracts, §75) and the contract was in all respects perfectly valid and legal at the time it was made. There is no indication whatever of any intention that the $1,750 was to be retained by the trust company as security for the balance due on the mortgage or that it was to be applied in any way to the payment thereof. There was absolutely no proof of any fraud or duress in the payment of the $1,750 as alleged by the plaintiff in her statement of claim. The filing of the bill in equity to restrain conveyance of the Kaylor real estate apparently relied upon by appellant, could not be treated as duress. It has never been held that to institute, or threaten to institute, a civil suit to enforce a right or to prevent a wrong is duress. See *Irwin et al. v. Weikel,* 282 Pa. 259, 127 A. 612; 17 Am. Jur. 892, §17.

The appellant further insists that the bank is guilty of usury in recovering $1,750 above the mortgage debt, interest and costs, citing and relying upon *Moll, to use, v. Lafferty,* 302 Pa. 354, 153 A. 557. No question of usury is involved. As the learned court below in its opinion aptly stated if the trust company exacted usury it was not against Kaylor but against the Chiaras who paid the full balance without taking into consideration the $1,750 previously paid by Kaylor. This separate, individual contract with Kaylor, valid when made, did not become invalid when the bank received the full amount due on the mortgage from the Chiaras.

A question arose during argument before this court as to whether, under the principles announced in *Blood v. Crew Levick Company,* 171 Pa. 328, 33 A. 344; *Fair Oaks B. & L. v. Kahler,* 320 Pa. 245, 252, 253, 181 A. 779; *Bean v. Cement Nat. Bank of Siegfried,* 134 Pa. Superior Ct. 281, cases cited 285, 286, 3 A. 2d 1003, the relationship between Kaylor and the Chiaras was not that of a surety and primary obligors. We think those cases do not apply. Kaylor did not pay the $1,750 on account of the mortgage. Obviously, that was not the intention of the parties. If Kaylor had been required to pay part of the mortgage debt after he conveyed to the Chiaras then a right of action would be against Chiaras, the principal debtors. Nor can appellant successfully assert, in view of the express contract for the payment of $1,750 and the accompanying release, that she is entitled to recover against the trust company on the theory that it has been unjustly enriched. The written release completely refutes that contention.

Judgment of the court below is affirmed.