## Alpha Financial Associates v. Dainty Maid Footwear, Inc.

*Oscar F. Spicer,* for petitioner.

*Henry O. Heiser, 3rd,* contra.

MacPHAIL, P. J., September 28, 1973.—Alpha Financial Associates ("Alpha"), execution creditor, has petitioned the court to require the Gettysburg National Bank (Bank) to satisfy of record a first mortgage lien on real estate of Dainty Maid Footwear, Inc., sold pursuant to a writ of execution obtained by Alpha. Proceeds of the sale in the hands of the sheriff are subject to an audit ordered by the court when exceptions were filed to the sheriff's proposed schedule of distribution. See Pennsylvania Rule of Civil Procedure 3136(f). The auditor's report has not been filed, but it appears from the record before us that Alpha contests bank's right to participate in the proceeds of the execution sale because of an alleged waiver of the bank's statutory lien.

Bank resists the within petition on the ground that the indebtedness secured by the mortgage has not been paid and that the satisfaction of the mortgage on the record would constitute a discharge of the debt secured by the mortgage and a discharge of the mortgage bond as well: Longacre v. Beers, 106 Pa. Superior Ct. 57 (1932).

Alpha claims relief under the provisions of the Act of June 11, 1879, P.L. 141, as amended, 21 PS §687, and, in the alternative, claims relief on equitable principles. It admits that the Act of June 11, 1879, has been suspended by the rules of civil procedure, but contends that the facts of the instant case bring it within the exception provided by the rules, to wit, the payment of money into court. There are two reasons why petitioners must fail in their argument. First, the money in the instant case has not been paid into court. Payment to the sheriff is not payment into court. See Pa. R.C.P. 3136(g). Secondly, although petitioner has

averred payment in its petition, the bank has denied payment. Under the Act of June 11, 1879, supra, such an issue must be presented to a jury for determination. Accordingly, the proper procedure for Alpha is a bill to quiet title: Vanity Fair Industries, Inc. v. Scott, 13 D. & C. 2d 679 (1958).

Since an adequate remedy at law is available to petitioner, it is unnecessary to consider further the contention that the court should exercise its chancery powers in this matter. Moreover, since Alpha admits that the bank has received nothing in payment of the debt for which the mortgage is security, it would seem inequitable to compel the bank to satisfy its obligation in any event.

### ORDER OF COURT

And now, September 28, 1973, the petition to compel the Gettysburg National Bank to satisfy the subject mortgage is herewith refused.